## SLIEF v. THWEATT, Ex'x.

No. 19983. Opinion Filed July 7, 1931.

Melton & Melton, for plaintiff in error.

Bailey & Hammerly, for defendant in error.

LESTER, C. J. The parties on appeal appear as they appeared in the district court.

On the 26th day of February, 1927, F. L. Slief filed his petition in the district court of Grady county, Okla., alleging, in substance, that he had purchased by warranty deed, on the 23rd day of August, 1922, certain lands from J. R. Jelks and Mattie Jelks; that the deed contained no exceptions of warranty save and except a certain real estate mortgage executed to the American Investment Company; that the said grantor had theretofore, on the 30th day of April, 1921, executed to R. F. Thweatt a certain oil and gas lease; that said lease on the date of the filing of this action had long expired and had been surrendered and was of no effect; that said J. R. Jelks and Mattie Jelks had, on the 2nd day of May, 1921, executed and delivered to said Thweatt an instrument purporting to convey to said R. F. Thweatt an undivided one-half interest in and to the royalty on and from all oil and gas leases on certain lands described in said instrument; that said instrument was of no force and effect; that it conveyed no interest in the real estate; that said instrument was placed of record and constituted a cloud on plaintiff's title; that the said instrument should be canceled.

The defendant filed an answer and cross-petition in which he set forth that the instrument was executed under a mutual mistake between Jelks and his wife and the defendant.

The instrument sought to be canceled by the plaintiff is as follows:

"Know all men by these presents, that we, J. R. Jelks and wife, Mattie F. Jelks, of Grady county, Okla., for and in consideration of the sum of $1,500, to us in cash paid by R. F. Thweatt, of Grady county, Okla., the receipt of which is hereby acknowledged, do hereby sell, convey, assign, and set over to said R. F. Thweatt, an undivided one-half interest in and to the royalty on and from all oil and gas leases on the south one-half of the northeast quarter of the northeast quarter and the southeast quarter of the northeast quarter and the southeast quarter of section 26, township 5, range 7 in Grady county, Okla.; that is to say, for the consideration aforesaid, we will assign, convey, and deliver to said R. F. Thweatt a one-half undivided interest in and to all the oil and gas rentals which may be coming to us, or either of us, on the above-described lands and premises, or any part thereof, it being the intention of this instrument to assign, convey, and set over to said R. F. Thweatt a one-sixteenth (1-16) interest in and to all the oil and gas produced on and from the above-described lands, or any part thereof, under and by virtue of any and all oil and gas leases now existing on said land or hereafter executed on same from this date.

"To have and to hold unto the said R. F. Thweatt, his heirs, executors, administrators, and assigns forever."

Defendant further asked that the above instrument be reformed so as to conform with the real agreement entered into between Thweatt and J. R. Jelks and wife.

The cause went to trial and judgment was rendered in favor of the defendant on his cross-petition, and plaintiff appeals to this court from said judgment setting up several assignments of error. We think it is only necessary to set forth such assignments as are material to this appeal:

(1) Error of the court in overruling the motion of the plaintiff for new trial.

(2) Error of the court in refusing to render judgment for the plaintiff on the evidence.

(3) Error of the court in rendering judgment in favor of R. F. Thweatt.

The evidence did not justify the court in decreeing a reformation of the instrument conveying a sale of the royalty to that of a mineral deed. A close scrutiny of the evidence will reveal that each and all the witnesses say that it was a sale of the royalty, but by their construction they attempt to infer that the instrument should be considered as a mineral deed.

R. F. Thweatt, the defendant below, testified, in part, as follows:

"Q. Now, you say you bought half the minerals; what was your understanding that you were to get in your purchase of half the minerals from and under this land, Mr. Thweatt? A. To get half the lease money, rentals, deferred rentals, renewals, bonuses, whatever was produced on the land. * * *"

Also, on cross-examination, testified:

"A. I was buying half, a half interest in the royalty, mineral, whatever the land produced, was the idea. Q. Well, were you to be the owner of it while it was in the land, or the owner of it when it was produced? A. I don't know about that. Q. Didn't you have any understanding about that? A. I don't know as I did. Q. Did you have any understanding about whether you would have a right to go on there and drill a well and develop the land or not? A. Yes, sir, I felt like I had that right. Q. What was your understanding about that, and who was supposed to have that right? Did you have any agreement with Jelks about that? A. I don't remember now. Q. Was there anything at all said about it? A. In discussing what I was going to get, here is an outline of what I was going to get, what I was buying, that was agreed upon and deed was drawn and put in the bank and paid for—— Q. (interrupting) Was there anything discussed between you about you having a

right to go on this land and drill it? A. No, I don't know that there was. Q. Nothing said about that? A. Never was anything said about that. Q. And there is nothing put in the deed about that? A. No, sir. Q. In the assignment? A. I don't know whether it contains anything of that character or not. Q. Nothing of that kind in this assignment at all? A. I don't think so." (Rec. pp. 45-47.)

There is no contention of any immediate **right** or claims arising over the instrument sought to be canceled.

The sole question presented by the plaintiff is that the instrument is void and invalid. We do not think so. The instrument was of record at the time the plaintiff bought the land, and whatever rights that may arise by reason of any production of any oil and gas may then be determined.

In the case of King v. Turner, 109 Okla. 77, 234 Pac. 564, this court said:

"To justify a reformation of the contract, the proof must be clear and convincing to the extent of proving to a moral certainty, but not beyond the possibility of controversy, that a mistake occurred in reducing the agreement to writing, and that the mistake was mutual or common to both parties."

The judgment is reversed, with directions to set aside the decree and judgment wherein it is decreed that the instrument be reformed to that of a mineral deed. Plaintiff's petition is ordered dismissed, and it is further ordered that the defendant's cross-petition be dismissed without prejudice.

RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

CLARK, V. C. J., and KORNEGAY, J., dissent.

---

CLARK, V. C. J. (dissenting). In this action plaintiff in error, plaintiff below, filed his suit to remove a cloud on the title to real estate, same being a conveyance executed by plaintiff's grantors, J. R. Jelks and Mattie Jelks, his wife, to defendant in error, R. F. Thweatt.

Defendant filed answer and cross-petition, and in his cross-petition asked that said conveyance be held by the court to be sufficient in form to convey and invest in him forever one-half of all the oil, gas, and other petroleum products in and under said lands, with the right of ingress and egress upon the surface for the purpose of mining, drilling, boring, and removing the same; or, in alternative, if the conveyance be not sufficient in form to convey said rights, that such instrument be reformed to express and convey the intention of the parties thereto, and that it be held and considered by the court to vest in defendant one-half of the mineral estate in and under said lands and premises, including oil, gas, and other petroleum products.

The cause came on for trial, and the court entered its judgment reforming said conveyance in accordance with the prayer of defendant's cross-petition.

The conveyance in question is as follows:

"Know all men by these presents, that we, J. R. Jelks and wife, Mattie F. Jelks of Grady county, Okla., for and in consideration of the sum of $1,500 to us in cash paid by R. F. Thweatt, of Grady county, Okla., the receipt of which is hereby acknowledged, do hereby sell, convey, assign, and set over to said R. F. Thweatt an undivided one-half interest in and to the royalty on and from all oil and gas leases on the south one-half of the northeast quarter of the northeast quarter and the southeast quarter of the northeast quarter and the southeast quarter of section 26, township 5, range 7 in Grady county, Okla.; that is to say, for the consideration aforesaid, we sell, assign, convey, and deliver to said R. F. Thweatt a one-half undivided interest in and to all the oil and gas rentals which may be coming to us, or either of us, on the above-described lands and premises, or any part thereof, it being the intention of this instrument to assign, convey, and set over to said R. F. Thweatt a one-sixteenth (1-16) interest in and to all the oil and gas produced on and from the above-described lands, or any part thereof under and by virtue of any and all oil and gas leases now existing on said land or hereafter executed on same from this date.

"To have and to hold unto the said R. F. Thweatt, his heirs, executors, administrators, and assigns forever.

"Witness our hands this the 2nd day of May, 1921."

The record discloses that plaintiff purchased by warranty deed from J. R. Jelks and Mattie F. Jelks, his wife, the land in controversy, which deed was dated August 23, 1922. The instrument in question was executed by J. R. Jelks and Mattie F. Jelks, his wife, to defendant on the 2nd day of May, 1921, and the same was of record prior to the date of the purchase of said land by plaintiff. The court found, and the record supports such finding, that plaintiff had actual and constructive notice of said instrument and all the rights conveyed by said instrument to the defendant.

The majority opinion, at page 195 of 150 Okla., holds as follows:

"The evidence did not justify the court

in decreeing a reformation of the instrument conveying a sale of the royalty to that of a mineral deed. A close scrutiny of the evidence will reveal that each and all the witnesses say that it was a sale of the royalty, but by their construction they attempt to infer that the instrument should be considered as a mineral deed."

The instrument sought to be reformed is a mineral deed; however, it is immaterial what you call the instrument conveying mineral rights in real estate, a mineral assignment, grant, deed, or lease. It is the interest conveyed that is material.

The majority opinion, at page 196 of 150, Okla., holds:

"The sole question presented by the plaintiff is that the instrument is void and invalid. We do not think so. The instrument was of record at the time the plaintiff bought the land and whatever rights that may arise by reason of any production of any oil and gas may then be determined."

The majority opinion reverses the judgment of the court, with directions to set aside the decree reforming the conveyance, and ordered the petition dismissed, and further ordered defendant's cross-petition be dismissed without prejudice.

I am of the opinion that, on the issues joined, this court should have at this time determined the rights of the parties. This conveyance was of the value of $1,500, the purchase price paid for same, and is a valuable right, and the instrument so presented to this court for construction should be construed by this court. The defendant may wish to sell or convey his interest, and should on the issues joined have the instrument construed.

I am of the opinion, limited to its four corners, the conveyance is a valid and perpetual assignment and sale of an undivided one-half interest in and to the oil, gas, and other minerals in and under said premises.

I agree with the majority opinion that the same should not be reformed, for the reason that the instrument is sufficient within itself to convey the interest sought to be conveyed and purchased from plaintiff's grantors by defendant.

Plaintiff contends that the instrument does not convey any interest in the premises. The majority opinion holds this contention is not well taken.

The defendant asks that the instrument be construed that his rights might be preserved, and under the facts in this case he is entitled to have this court pass upon that question.

In my opinion, the judgment of this court should be that the instrument, as executed, conveyed an undivided one-half interest in and to rentals, royalties, and all oil, gas, and other mineral rights in and under said premises.